UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLENE J. HENDRICKSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA NA, et al.,<br><br>Defendants. | CASE NO. C15-514 MJP<br><br>ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, MOTION TO COMPEL |

THIS MATTER comes before the Court Plaintiffs' Motion for a Protective Order (Dkt. No. 39), Defendant Bank of America's Motion for Joinder in Plaintiffs' Motion for a Protective Order (Dkt. No. 43), and Plaintiffs' Motion to Compel Discovery Responses (Dkt. No. 41). Having considered the Parties' briefing and the related record, the Court ORDERS as follows:

Plaintiffs' Motion for a Protective Order and Defendant Bank of America's Motion for Joinder in Plaintiffs' Motion for a Protective Order are GRANTED. (Dkt. Nos. 39, 43.) As the Parties recognize, information concerning Bank of America's conduct as alleged in Plaintiffs' complaint is discoverable. The settlement agreement itself, however, relates only to Plaintiffs' legal claim against Bank of America, and is therefore not probative of Bank of America's

conduct related to the loan at issue.  The Court finds that disclosing a confidential settlement agreement to an outside party constitutes an undue burden in itself on Plaintiffs and Bank of America, and therefore GRANTS the Motion for a Protective Order.

Plaintiffs' Motion to Compel Discovery Responses is DENIED as to Request for Production 4(3), and DENIED as moot as to all other requests.  The Court agrees with Defendant Nationstar that producing additional supporting invoices and records for charges made by Nationstar to Plaintiffs' loan account is unduly burdensome and unnecessary where Plaintiffs are provided with the transaction codes to understand the charges made.  Accordingly, Plaintiffs' Motion to Compel with regards to Request for Production 4(3) is DENIED.  The disputes over the remainder of Plaintiffs' requests appear to have been resolved by the Parties.  The Court accepts Nationstar's representations to the Court in its briefing that it will produce all of the materials requested for Interrogatories 4(2) and 8 and Requests for Production 4(1), 4(6), and 8, and therefore finds issuance of an order compelling production to be unnecessary at this time.

Plaintiffs' request for attorney's fees incurred in bringing the Motion to Compel is DENIED.  It appears that the Parties worked together to resolve the issues presented here, and the Court does not see a need to fee shift when it was the signing of a stipulated protective order that delayed the discovery process.

SO ORDERED.  The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of January, 2016.

*[signature]*

Marsha J. Pechman
Chief United States District Judge